**DE GUI HE, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.**

**No. 03–40965–AG.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

David X. Feng, New York, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio; Annette G. Butler, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

SUMMARY ORDER

De Gui He, through counsel, petitions for review of the June 2002 order affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal, and finding that He's request for relief under the Convention Against Torture ("CAT") was not at issue on appeal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

As a preliminary matter, this Court may not review He's argument that the IJ erred in not listing the reasons for pretermitting his asylum application, because He failed to raise this issue before the BIA. *See Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir.2004); 8 U.S.C. § 1252(d)(1).

The INA also precludes judicial review of the Attorney General's determinations regarding the one-year deadline provided in 8 U.S.C. § 1158. *See* 8 U.S.C. § 1158(a)(3). Under the REAL ID Act of 2005, however, this Court has jurisdiction to review any "constitutional claims or questions of law" raised in a petition for

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

review, notwithstanding "any other provision of this chapter ... which limits or eliminates judicial review." REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, Title I, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)). The REAL ID Act applies to this case. *See id.* § 106(b). Here, because this factual determination did not involve a constitutional claim or a question of law, this Court lacks jurisdiction to reassess it.

There is also no basis to disturb the IJ's denial of withholding of removal. The Government made a motion to pretermit the withholding claim and He, through counsel, agreed with the Government's position. The IJ thereafter granted the Government's motion and He failed to challenge this issue before the BIA. This Court therefore may not review this claim. *See Theodoropoulos,* 358 F.3d at 172. This Court similarly may not consider He's CAT claim, because although the IJ did not make an independent ruling on this issue, He failed to raise it, too, on appeal to the BIA. *Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).